UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

KATI WILLIAMS,
CORINA WRIGHT, and  JENNIFER STILES
on behalf of themself and
similarly situated employees

       Plaintiff,

vs.

P.D.K.N P-4 OP, LLC d/b/a
BOKAMPER'S SPORTS BAR & GRILL

       Defendants
_____/

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

Plaintiffs, Kati Williams ("Williams"),  Corina Wright ("Wright") and Jennifer Stiles ("Stiles") on behalf of themself and similarly situated employees, sues Defendant, P.D.K.N. P-4 OP, LLC d/b/a Bokamper's Sports Bar & Grill ("Bokampers") and states as follows:

### Jurisdiction

1.     This is an action for damages which exceeds $15,000.00 exclusive of attorneys' fees, interest and costs.

2.     Venue is proper in Broward County, Florida since the Defendants do business in Broward County and since all  of the claims accrued in Broward County, Florida.

3.     Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because the Defendants transact business in this District; because all wages were earned and due to be paid in this District and because Defendant's facilities and restaurants are situated in this District and because most if not all of the operational decisions were made in this District.

## The Parties/Participants

4.      Williams and Wright and Skiles  are individuals residing in Broward County, Florida and are *sui juris*. Williams and Wright and Skiles were at all material times hereto employees of Bokampers as servers at the Bokampers location at 3115 NE 32nd Ave. Ft. Lauderdale, FL 33308.

5.      Defendant  at  all  times  material  hereto  did  business  as  a  restaurant  in Broward County, Florida.

## General Allegations

6.      This is an action seeking recovery of unpaid overtime compensation owed to Plaintiff  and similarly situated employees, pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et. seq*, as amended.

7.      At all times material hereto, Plaintiffs were and are a residents of the State of Florida and were employed by Defendant.

8.      At all times material hereto, Defendant was doing business in the State of Florida  and  were  regularly  engaged  in  activities  that  involved  interstate  commerce. Moreover, at all times material hereto, each Defendant had annual gross sales or business in an amount not less than $500,000.00.  By reason of the foregoing, each Defendant was and is an "employer" within the meaning of Section 3(d) of the FLSA.

9.      On many occasions throughout their employment with Defendant, Plaintiffs worked in excess of forty hours per week and were not paid overtime as their time was shaved from the time records.  During their employment Plaintiffs were required to attend meetings for which they were not paid.  During their employment Plaintiffs were charged

2

back for walk-outs and mis-ordered and dropped orders in violation of the FLSA.

10.    Plaintiffs have retained the undersigned law firm in this matter and have agreed to pay it a reasonable fee for its services.

### Count I-FLSA
### (Overtime Compensation and Failure to Pay Minimum Wage)

11.    Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 10 by reference.

12.    In several workweeks during the relevant period, Plaintiffs, worked, in excess for forty(40) hours per week for Defendants.  In these workweeks, Plaintiffs, were not paid overtime compensation as is required by Section 207 of the FLSA.

13.    As a direct and proximate result of Defendants' failure to pay overtime compensation, Plaintiffs have been damaged in the loss of wages and have incurred and are incurring reasonable attorney's fees.

14.    Defendants' failure to pay overtime was deliberate, willful and without good faith or any legal justification.  Consequently, Plaintiffs, are entitled to liquidated damages in an amount equal to the underpayment of overtime compensation, and may seeks recovery dating back three (3) years from the filing of this action.

15.    Moreover, the failure to pay for meetings, and the charging back for mis-orders and walk-outs reduced Plaintiff's below the required hourly wages under the FLSA.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages (unpaid overtime), liquidated damages (double damage) and attorneys' fees and court costs pursuant to the FLSA and for such other and further relief as this Court deems just and proper.

<u>**Count II**</u>
<u>**Declaration of Rights**</u>

16.      Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 10 by reference.

17.      Plaintiffs and those similarly situated and Defendant have a pending dispute under the FLSA which this Court has jurisdiction to decide pursuant to 29 U.S.C. 1331. The Court also has jurisdiction over Plaintiffs and those similarly situated, and Plaintiffs request a declaration of rights pursuant to 29 U.S.C. § 2201 and 2202.

18.      Defendants did not rely upon a good faith defense in not paying Plaintiffs and those similarly situated, the applicable minimum wage, both regular and overtime under the FLSA.

19.      A declaration of rights would have the useful purpose of clarifying and settling the legal relations at issue.

20.      The entry of a declaration of rights of the parties would afford relief from uncertainty, insecurity, controversy giving rise to this proceeding as affecting Plaintiffs and those similarly situated from Defendant now and in the future.

WHEREFORE, Plaintiffs demand judgment against Defendant to issue declaratory judgment that Defendant's acts policies and procedures have violated the FLSA, to enjoin the Defendant from further violations of the FLSA, to award reasonable attorney's fees and costs and for such other and for such further relief as this Court deems just and proper.

4

## Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

Behren Law Firm
2893 Executive Park Drive, Suite 110
Weston, FL 33331
Phone: (954) 636-3802
Facsimile: (772) 252-3365
Scott@behrenlaw.com

By_/Scott M. Behren/
     Scott M. Behren
     Fla. Bar No. 987786

## FLSA-NOTICE OF CONSENT

Client (print name) _Corina Wright_ hereby consents pursuant to 29 U.S.C. Section 216(b) to become a party plaintiff in this action and to be represented by the Law Office of Scott M. Behren and co-counsel.

-I am similarly situated to the named Plaintiff in this matter because I performed similar duties for the Defendant and was paid in the same regard as the named Plaintiff;

-I authorized the Plaintiff to file and prosecute the above referenced matter in my name and on my behalf and designate the named Plaintiff to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims:

-I agree to be represented by Behren Law Firm as well co-counsel for the named Plaintiff.

-In the event this action gets conditionally certified and then decertified, I authorize Plaintiff's counsel to reuse this Consent Form to re-file my claims in a separate or related action against the Defendant.


_Corina Wright_
Signature of Client

Client Name: _Corina Wright_

Date: 06/27/2014

## FLSA-NOTICE OF CONSENT

Client (print name) _Kati Williams_ hereby consents pursuant to 29 U.S.C. Section 216(b) to become a party plaintiff in this action and to be represented by the Law Office of Scott M. Behren and co-counsel.

-I am similarly situated to the named Plaintiff in this matter because I performed similar duties for the Defendant and was paid in the same regard as the named Plaintiff;

-I authorized the Plaintiff to file and prosecute the above referenced matter in my name and on my behalf and designate the named Plaintiff to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims:

-I agree to be represented by Behren Law Firm as well co-counsel for the named Plaintiff.

-In the event this action gets conditionally certified and then decertified, I authorize Plaintiff's counsel to reuse this Consent Form to re-file my claims in a separate or related action against the Defendant.


_Kati Williams_
Signature of Client

Client Name: _Kati Williams_

Date: _6/25/14_

## FLSA-NOTICE OF CONSENT

Client (print name) Jennifer Skiles hereby consents pursuant to 29 U.S.C. Section 216(b) to become a party plaintiff in this action and to be represented by the Law Office of Scott M. Behren and co-counsel.

-I am similarly situated to the named Plaintiff in this matter because I performed similar duties for the Defendant and was paid in the same regard as the named Plaintiff;

-I authorized the Plaintiff to file and prosecute the above referenced matter in my name and on my behalf and designate the named Plaintiff to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims;

-I agree to be represented by Behren Law Firm as well co-counsel for the named Plaintiff.

-In the event this action gets conditionally certified and then decertified, I authorize Plaintiff's counsel to reuse this Consent Form to re-file my claims in a separate or related action against the Defendant.

Signature of Client

Client Name: Jennifer Skiles

Date: 6/25/14