UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-CV-61571-ZLOCH/HUNT

KATI WILLIAMS,
CORINA WRIGHT, and JENNIFER STILES
on behalf of themselves and
similarly situated employees,

    Plaintiffs,

vs.

P.D.K.N. P-4 OP, LLC d/b/a
BOKAMPER'S SPORTS BAR & GRILL,

    Defendant.
_____/

**DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO COLLECTIVE ACTION COMPLAINT FOR DAMAGES**

Defendant P.D.K.N. P-4 OP, LLC d/b/a BOKAMPER'S SPORTS BAR & GRILL ("Defendant"), by and through its attorneys, responds to the Collective Action Complaint for Damages (the "Complaint") filed in this case by Plaintiffs Kati Williams, Corina Wright, and Jennifer Stiles (collectively referred to herein as "Plaintiffs"), as follows:

**ANSWER**

To the extent an answer is required to the statements contained in the introductory paragraph, Defendant admits that Plaintiffs purport to bring a collective action on behalf of themselves and similarly situated employees, the existence of which Defendant expressly denies. Defendant denies that Plaintiffs are entitled to such relief.

    1.    Defendant denies all of the allegations in paragraph 1.

    2.    Defendant states that paragraph 2. contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it does business

in Broward County, Florida, but denies the allegation that any claims accrued in Broward County or elsewhere. Therefore, except as expressly admitted herein, Defendant denies all of the allegations in paragraph 2. of the Complaint.

3. Defendant states that paragraph 3. contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits to transacting business in Broward County, Florida, and that it operates a restaurant that is situated in Broward County, Florida. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 3. as they relate to the term "operational decisions" and is without knowledge as to what Plaintiffs mean when they say "all wages were earned and due to be paid in this District." Therefore, except as expressly admitted herein, Defendant denies all of the allegations in paragraph 3. of the Complaint.

4. Defendant admits that Plaintiffs Williams, Wright, and Stiles are individuals, and Defendant admits that it operates a restaurant at 3115 NE 32nd Ave., Ft Lauderdale, FL 33308. Defendant is without knowledge as to the residence of Plaintiffs Williams, Wright, and Stiles, and on that basis such allegation is denied. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 4. as they relate to the phrase, "at all material times hereto," for the reason that Defendant does not know what time period Plaintiffs are referring to in paragraph 4. of the Complaint. Therefore, except as expressly admitted herein, Defendant denies all of the allegations in paragraph 4. of the Complaint.

5. Defendant admits that it operates a restaurant in Broward County, Florida. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 5. as they relate to the phrase, "at all material times hereto," for the reason that Defendant does not know what time period Plaintiffs are referring to in paragraph 5. of the Complaint. Therefore,

except as expressly admitted herein, Defendant denies all of the allegations in paragraph 5. of the Complaint.

6. Defendant admits that Plaintiffs purport to bring this matter as an action seeking recovery of unpaid overtime compensation owed to Plaintiffs and similarly situated employees, pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.*, as amended ("FLSA"). However, Defendant denies that Plaintiffs are entitled to such relief, denies that this dispute can be maintained as a collective action, and denies that Defendant was or is in violation of any of the requirements set forth in FLSA. Therefore, except as expressly admitted herein, Defendant denies all of the allegations in paragraph 6. of the Complaint.

7. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 7. as they relate to the phrase, "at all material times hereto," for the reason that Defendant does not know what time period Plaintiffs are referring to in paragraph 7. of the Complaint. As a result, Defendant denies all of the allegations in paragraph 7. of the Complaint.

8. Defendant states that paragraph 8. contains legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 8. as they relate to the phrase, "at all material times hereto," for the reason that Defendant does not know what time period Plaintiffs are referring to in paragraph 8. of the Complaint. Plaintiffs have not provided a definition or reference for the term, "interstate commerce," in paragraph 8., and therefore Defendant is without knowledge sufficient to admit or deny the allegation that Defendant was regularly engaged in activities that involved interstate commerce. Defendant accordingly denies all of the allegations in paragraph 8. of the Complaint.

9. Defendant denies all of the allegations in paragraph 9. of the Complaint.

10. Defendant lacks knowledge or information as to the allegations in paragraph 10., and on that basis denies the allegations in paragraph 10. of the Complaint.

## Count I

11. Defendant incorporates by reference each and every answer stated in response to paragraphs 1. through 10. as if fully set forth and repeated herein.

12. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 12. as they relate to the phrase, "in several workweeks during the relevant period," for the reason that Defendant does not know what time period the Plaintiffs are referring to in paragraph 12. of the Complaint. Accordingly, Defendant denies all of the allegations in paragraph 12. of the Complaint.

13. Defendant denies all of the allegations in paragraph 13. of the Complaint.

14. Defendant denies all of the allegations in paragraph 14. of the Complaint.

15. Defendant denies all of the allegations in paragraph 15. of the Complaint.

Defendant denies that Plaintiffs and/or the similarly situated employees they seek to represent, the existence of which is expressly denied, are entitled to any damages or relief, including, but not limited to, compensatory damages (unpaid overtime), liquidated damages (double damage), and attorneys' fees and court costs pursuant to FLSA or any other and further relief.

## Count II

16. Defendant incorporates by reference each and every answer stated in response to paragraphs 1. through 10. as if fully set forth and repeated herein.

17. Defendant states that paragraph 17. contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies all of the allegations in paragraph 17. of the Complaint.

18. Defendant denies all of the allegations in paragraph 18. of the Complaint.

19. Defendant denies all of the allegations in paragraph 19. of the Complaint.

20. Defendant denies all of the allegations in paragraph 20. of the Complaint.

Defendant denies that Plaintiffs and/or the similarly situated employees they seek to represent, the existence of which is expressly denied, are entitled to a declaratory judgment that Defendant's acts and policies and procedures have violated FLSA, or that Defendant should be enjoined from further violations of FLSA. The existence of any such violations (past, present, or future) are denied, and Defendant denies that Plaintiffs are entitled to an award of attorney's fees and costs or any such other and further relief.

All allegations not specifically and expressly admitted herein by Defendant are denied.

## Demand for Jury Trial

Defendant denies the existence of any issues triable by a jury.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Defendant P.D.K.N. P-4 OP, LLC d/b/a BOKAMPER'S SPORTS BAR & GRILL ("Defendant"), by and through its attorneys, states the following Defenses and Affirmative Defenses to Plaintiffs' Collective Action Complaint for Damages (the "Complaint"):

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons, the existence of which Defendant expressly denies. Because Defendant does not at this early stage in the action understand the full legal and factual scope of Plaintiffs' claims, Defendant asserts this affirmative defense, in part, to provide notice and avoid waiver.

2. Plaintiffs, and/or members of the alleged group of individuals which they purport to represent, the existence of which is expressly denied, were compensated at all times in accordance with applicable FLSA requirements, and they have been paid and/or received all wages and all other compensation due to them. Because Defendant does not at this early stage in the action understand the full legal and factual scope of Plaintiffs' claims, Defendant asserts this affirmative defense, in part, to provide notice and avoid waiver.

3. To the extent that any claims are based upon events that occurred outside the applicable statute of limitations, such claims are barred. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons, the existence of which Defendant expressly denies.

4. In any given workweek for which Plaintiffs allege they are entitled to additional compensation, any hours allegedly worked are reduced by the number of hours for which Plaintiffs were paid but did not actually work. This defense may also apply to the claims of

some or all of the class of allegedly similarly situated persons, the existence of which Defendant expressly denies.  Because Defendant does not at this early stage in the action understand the full legal and factual scope of Plaintiffs' claims, Defendant asserts this affirmative defense, in part, to provide notice and avoid waiver.

5. Plaintiffs are not entitled to request a declaration of rights pursuant to 29 U.S.C. §§ 2201 and 2202, as these statutes have been repealed.

6. With respect to some or all claims brought or allegedly brought by Plaintiffs, and/or members of the alleged group of individuals which they purport to represent, the existence of which is expressly denied, Defendant affirmatively pleads that Plaintiffs' claims are barred in whole or in part because any acts and/or omissions which may be found to be in violation of the rights afforded by the FLSA and/or other applicable law occurred in good faith in conformity with and in reliance upon relevant laws and regulations in accordance with the provisions of 29 U.S.C. § 259, including, but not limited to, written administrative regulations, orders, ruling, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.  Because Defendant does not at this early stage in the action understand the full legal and factual scope of Plaintiffs' claims, Defendant asserts this affirmative defense, in part, to provide notice and avoid waiver.

7. Neither Plaintiffs nor members of the alleged group which they purport to represent, the existence of which is expressly denied, may recover some or all of the liquidated damages or the award of damages requested in the Complaint because Defendant did not commit any oppressive, willful, wanton, fraudulent or malicious act or authorize or ratify any such act with respect to Plaintiffs or any alleged group member.  Defendant at all times acted in good

faith and with reasonable grounds for believing it had complied with the FLSA, as set forth in 29 U.S.C. § 260.  Because Defendant does not at this early stage in the action understand the full legal and factual scope of Plaintiffs' claims, Defendant asserts this affirmative defense, in part, to provide notice and avoid waiver.

8.   The Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimis* and therefore not compensable.  Because Defendant does not at this early stage in the action understand the full legal and factual scope of Plaintiffs' claims, Defendant asserts this affirmative defense, in part, to provide notice and avoid waiver.

9.   Defendant had no notice or knowledge, nor the opportunity through reasonable diligence to acquire knowledge, from Plaintiffs or any member of the group of persons Plaintiffs purport to represent, the existence of which is expressly denied, that Plaintiffs or such individuals purportedly worked overtime hours and/or received wages in such a manner which violated FLSA as alleged in the Complaint.  Additionally, Plaintiffs never reported or indicated in their employee time records that they worked the alleged overtime, and Defendant did not know or have reason to know that they worked the alleged overtime.  Because Defendant does not at this early stage in the action understand the full legal and factual scope of Plaintiffs' claims, Defendant asserts this affirmative defense, in part, to provide notice and avoid waiver.

10.   Any claim for compensation by Plaintiffs, and/or members of the alleged group of individuals which they purport to represent, the existence of which is expressly denied, must, in any case, be offset by extra compensation paid, including, but not limited to, extra compensation paid as described by paragraphs (5) and (6) of subsection (e) of 29 U.S.C. § 207 as well as subsection (h)(2) thereof.  Because Defendant does not at this early stage in the action

understand the full legal and factual scope of Plaintiffs' claims, Defendant asserts this affirmative defense, in part, to provide notice and avoid waiver.

11. Plaintiffs' claims are barred to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons, the existence of which Defendant expressly denies. Because Defendant does not at this early stage in the action understand the full legal and factual scope of Plaintiffs' claims, Defendant asserts this affirmative defense, in part, to provide notice and avoid waiver.

12. The claims of Plaintiffs, and/or members of the alleged group of individuals which they purport to represent, the existence of which is expressly denied, should be barred to the extent that the claims seek compensation for activities that are non-compensable under the Portal to Portal Act, including 29 U.S.C. § 254. Because Defendant does not at this early stage in the action understand the full legal and factual scope of Plaintiffs' claims, Defendant asserts this affirmative defense, in part, to provide notice and avoid waiver.

13. To the extent that Plaintiffs, and/or members of the alleged group of individuals which they purport to represent, the existence of which is expressly denied, are entitled to recover additional compensation, which Defendant denies, then Defendant asserts that it has not committed any willful violation of FLSA, and a two year statute of limitations should apply under 29 U.S.C. § 255.

14. This case may not be maintained as a collective action because, among other reasons, the named Plaintiffs are not similarly situated to or otherwise adequate representatives for the alleged class of persons they purport to represent, the existence of which Defendant expressly denies. Because Defendant does not at this early stage in the action understand the full

legal and factual scope of Plaintiffs' claims, Defendant asserts this affirmative defense, in part, to provide notice and avoid waiver.

15. To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendant required the false reporting of hours, no evidence that Defendant encouraged Plaintiffs to falsely report their hours, and no evidence that Defendant knew or should have known that Plaintiffs were providing false information as to their hours, Defendant hereby invokes the doctrine of estoppel to bar the claims asserted by Plaintiffs. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons, the existence of which Defendant expressly denies. Because Defendant does not at this early stage in the action understand the full legal and factual scope of Plaintiffs' claims, Defendant asserts this affirmative defense, in part, to provide notice and avoid waiver.

16. Plaintiffs' claims are barred by the doctrine of unclean hands to the extent that Plaintiffs' actions related to their respective claims, including, but not limited to, Plaintiffs' violation of Defendant's company policies, caused a resulting injury to Defendant. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons, the existence of which Defendant expressly denies. Because Defendant does not at this early stage in the action understand the full legal and factual scope of Plaintiffs' claims, Defendant asserts this affirmative defense, in part, to provide notice and avoid waiver.

17. The claims of Plaintiffs, and/or members of the alleged group of individuals which they purport to represent, the existence of which is expressly denied, are barred to the extent that the claims seek compensation for hours which the Plaintiffs did not report on their time records or did not otherwise place Defendant on notice thereof. Furthermore, Defendant defends this action on the basis that Defendant is entitled to rely upon the time records which

Plaintiffs submitted, and for which Plaintiffs did not report any errors in pay. Because Defendant does not at this early stage in the action understand the full legal and factual scope of Plaintiffs' claims, Defendant asserts this affirmative defense, in part, to provide notice and avoid waiver.

18. The claims of Plaintiffs, and/or members of the alleged group of individuals which they purport to represent, the existence of which is expressly denied, are barred to the extent that the Plaintiffs (i) did not follow the procedures set forth in Defendant's employee handbook and company policies, or (ii) did not otherwise report any alleged error in their paycheck to Defendant. Because Defendant does not at this early stage in the action understand the full legal and factual scope of Plaintiffs' claims, Defendant asserts this affirmative defense, in part, to provide notice and avoid waiver.

WHEREFORE, for the foregoing reasons, Defendant P.D.K.N. P-4 OP, LLC d/b/a Bokamper's Sports Bar & Grill respectfully requests that this Court: (a) dismiss Plaintiffs' Complaint with prejudice; (b) deny Plaintiffs' demands and prayer for relief; (c) reserve jurisdiction to consider Defendant's timely motion for attorney's fees; and (d) grant such other and further relief as the Court deems just and proper.

Dated: August 15, 2014

Respectfully Submitted,

MULLER LEBENSBURGER & SCHWARTZ, P.A.

By:   s/ Charles E. Muller II
Charles E. Muller II, Esq.
Fla. Bar No. 239356
Muller Lebensburger & Schwartz, P.A.
7385 Galloway Road, Suite 200
Miami, Florida 33173
(305) 670-6770 x 340
(305) 670-6769 facsimile
Charles@mlcounsel.com

-and-

HOMER BONNER JACOBS

By: s/Kevin P. Jacobs
Kevin P. Jacobs, Esq.
Fla. Bar No. 169821
Homer Bonner Jacobs, P.A.
1441 Brickell Ave., Suite 1200
Miami, FL 33131-3445
Phone: (305) 350-5143
Facsimile: (305) 982-0090
kjacobs@homerbonner.com


*Attorneys for Defendant P.D.K.N. P-4 OP, LLC d/b/a Bokamper's Sports Bar & Grill*

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on August 15, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document is being served this day on all counsel of record or parties identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

                   By: s/Kevin P. Jacobs
                   Kevin P. Jacobs, Esq.
                   Fla. Bar No. 169821
                   Homer Bonner Jacobs, P.A.
                   1441 Brickell Ave., Suite 1200
                   Miami, FL 33131-3445
                   Phone: (305) 350-5143
                   Facsimile: (305) 982-0090
                   kjacobs@homerbonner.com

**Service List**

Scott M. Behren, Esq.
scott@behrenlaw.com
Behren Law Firm
2893 Executive Park Drive, Suite 110
Weston, FL 33331
Attorney for Plaintiffs
*Noticed via CM/ECF*